# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>NAOMI BISTLINE,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 4:25-cr-00056<br><br>District Judge Ann Marie McIff Allen |

This matter is before the Court on Defendant Naomi Bistline's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the motion without prejudice.

In December 2024, Defendant was sentenced to time served, to be followed by 36 months of supervised release, for conspiring to commit tampering with an official proceeding in violation of 18 U.S.C. § 1512(k). Defendant started her term of supervision on the same day as her sentencing and filed the instant motion on March 26, 2026. The government opposes Defendant's motion.

Defendant states—and her supervising officer confirms—that she has complied with all terms of her supervised release thus far. In addition, Defendant reports that she has stable, full-time employment and supports herself. Defendant also expresses a desire to leave behind the environment where she suffered abuse and manipulation, help others avoid similarly destructive environments, and pursue a career in music. Attached to Defendant's motion are three letters attesting to Defendant's remarkable progress, good character, and need to move to a new community.

The Court may grant early termination of supervised release for a defendant who has completed at least one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). As part of this analysis, the Court must consider certain enumerated factors laid out in 18 U.S.C. § 3553(a). *Id.*

Considering all these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. Defendant's progress thus far on supervised release is commendable; however, the Court believes that continued supervision—and the accompanying support of a probation officer—will be beneficial to Defendant's rehabilitation. The Court will consider another motion for early termination of supervised release from Defendant if appropriate.

Thus, Defendant's Motion for Early Termination of Supervised Release (Dkt. No. 7) is DENIED WITHOUT PREJUDICE.

DATED this 21st day of May 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

2